## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2018, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bobby Ray Rufus McDonald,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 27, 2018

Court of Appeals Case No.
79A02-1710-CR-2574

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1603-F5-33

**Vaidik, Chief Judge.**

[1]     After stabbing his nephew in the leg during a night of drinking and smoking spice, Bobby McDonald was convicted of battery with a deadly weapon, a Level 5 felony, and sentenced to the maximum term of six years (to include two

years with Tippecanoe County Community Corrections). He asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which authorizes us to revise a sentence if, after due consideration of the trial court's decision, we find that the sentence is "inappropriate in light of the nature of the offense and the character of the offender." We decline to exercise that authority in this case.

[2] McDonald notes the principle that "the maximum sentence should be reserved for the very worst offender," Appellant's Br. p. 13, and argues that he does not fall into that class, focusing primarily on his history of mental-health issues (e.g., ADHD, PTSD, and bipolar disorder). While we join the trial court in acknowledging McDonald's mental-health problems, his lengthy criminal record places him comfortably in the worst-offender category. The pre-sentence investigation report—which McDonald does not contest—reveals five felony convictions, twenty-two misdemeanor convictions (including six for battery), a habitual-substance-offender finding, and at least eight probation violations. In addition, while this case was pending, McDonald committed and pled guilty to Class A misdemeanor domestic battery.

[3] The purpose of 7(B) review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In light of McDonald's criminal history, and his commission of yet another battery while out on bond in this case, the six-year, maximum sentence for Level 5 felony battery is by no means an outlier.

[4] Affirmed.

Barnes, J., and Pyle, J. concur.